UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOANNE DITCHARO, INDIVIDUALLY
AND AS ADMINISTRATIX OF THE                                    CIVIL ACTION
ESTATE OF DOMINICK M. DITCHARO,
JR.

VERSUS                                                         NO. 13-5323

STONEBRIDGE LIFE INSURANCE
COMPANY AND MONUMENTAL
GENERAL INSURANCE GROUP                                        SECTION: "C" (5)

## ORDER AND REASONS[1]

Before this Court is defendants Monumental Life Insurance Company ("Monumental") and Stonebridge Life Insurance Company's ("Stonebridge") motion for sanctions against plaintiff Joanne Ditcharo and her attorneys. Rec. Doc. 24 at 1. Having considered the record, the memoranda of counsel, and the law, the Court has determined the defendants' motion for sanctions is DENIED.

## I. BACKGROUND

This case arises out of a lawsuit concerning accidental death benefits. Rec. Doc. 24 at 1. Plaintiff, Joanne Ditcharo, filed suit on August 8, 2013 seeking accidental death benefits for the death of her husband, Dominick Ditcharo, Jr. ("Mr. Ditcharo"), in a one-vehicle accident on August 13, 2003. Rec. Doc. 24-2 1, 3. Plaintiff sought these benefits under two certificates of insurance: one from each of the defendants, Monumental and Stonebridge.

Defendant Monumental issued Certificate No. 000203087 ("Monumental Certificate") to plaintiff and Mr. Ditcharo, insuring both of their lives on March 1, 1997. Rec. Doc. 18-3 at 2. The Monumental Certificate requires that "written proof of loss must be sent to [Monumental]

---

[1] Cindy Allen, a second-year student at Emory University School of Law, assisted in the preparation of this Order and Reasons.

1

within 90 days after the loss occurs." Rec. Doc. 18 at 6. The Monumental Certificate further stipulates, "No legal action may be brought to recover on the Policy within 60 days after written proof of loss has been given. No such legal action will be brought after five years from the time written proof is received." Rec. Doc. 18-3 at 5. Plaintiff submitted proof of loss within the allotted time period, sometime around September 2003, Rec. Doc. 24-2 at 3, and defendant Monumental acknowledged its receipt of the proof on September 15, 2003. Rec. Doc. 18-3 at 15. On November 18, 2013, defendant Monumental denied plaintiff's claim for benefits because of Mr. Ditcharo's alcohol intoxication at the time of the crash. *Id.* at 17.

Defendant Stonebridge issued Certificate No. 74AB7Q2512 ("Stonebridge Certificate") to plaintiff on October 25, 2000, insuring both plaintiff and Mr. Ditcharo's lives. *Id.* at 14. The Stonebridge Certificate requires proof of loss "within 90 days after the date of the Loss or as soon as possible thereafter." *Id.* at 13. The Stonebridge Certificate also specifies that legal action "to recover on the Policy" cannot be brought "for at least 60 days after written proof of loss has been furnished" or "more than 3 years after the date Proof of Loss is required." *Id*. Plaintiff submitted written proof of loss to defendant Stonebridge within the allotted time period on October 8, 2003. *Id.* at 21. On October 27, 2003, Stonebridge denied plaintiff's claim for benefits because Mr. Ditcharo had a blood alcohol content of .33 mg/dl at the time of his accident. *Id.* at 22.

On January 31, 2014, after plaintiff had filed suit, Mr. Geary, counsel for defendants, emailed Mr. Markey, counsel for plaintiff, informing him of defendant's intent to file a motion for summary judgment and to seek their attorney's fees and costs related to the filing of the complaint. Rec. Doc. 24-3 at 4. Mr. Geary further explained that he felt the suit was time-barred,

given the legal action provisions of the Monumental and Stonebridge Certificates. *Id*. Mr. Geary then offered Mr. Markey a weeklong period in which to consider "an amicable dismissal." *Id.*

On February 6, 2014, Mr. Markey requested another week to evaluate his position and confer with his client about the suit. *Id.* at 6. Mr. Geary granted this request the next day, February 7. *Id*. On March 7, Mr. Markey emailed Mr. Geary and instructed him to "proceed with filing" his motion for summary judgment. On March 11, Mr. Geary emailed Mr. Markey again to inform him that defendants would be filing their motion for summary judgment later that day. Mr. Geary further stated the defendants' feeling that the "complaint was not well founded;" therefore, the defendants intended to file a motion for sanctions. *Id.* at 8. As such, Mr. Geary attached a copy of the motion for sanctions but indicated that it would not be filed with the Court for 21 days in accordance with Rule 11. *Id.* at 8-10.

Mr. Markey replied to Mr. Geary on March 19, 2014 and indicated that plaintiff would not be opposing the motion for summary judgment. *Id.* at 18. Mr. Markey further expressed that he felt the motion for sanctions was unnecessary and requested that Mr. Markey send him a motion for voluntary dismissal for review. *Id*. Mr. Geary replied that, because he felt his client never should have had to hire counsel to handle the suit, he would not prepare anything for Mr. Markey to review; instead, defendants would go ahead with the motion for sanctions if Mr. Geary did not dismiss the suit with prejudice before the remainder of the 21 day period elapsed. *Id*.

On March 31, 2014, Mr. Markey wrote Mr. Geary a letter reiterating that plaintiff would not be opposing the motion for summary judgment and that he felt the motion for sanctions was unnecessary. *Id.* at 20. Mr. Markey further noted that he did not file a motion for voluntary dismissal, but he did take corrective action by contacting Judge Berrigan's clerk and request that

the Court issue an order granting the motion for summary judgment. *Id*. This Court granted the unopposed motion for summary judgment on April 2, 2014. Rec. Doc. 22. Plaintiff then filed a motion for sanctions pursuant to Rule 11 on April 4, 2014.

## II. Law and Analysis

Federal Rule of Civil Procedure 11(b) states:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Rule 11(c) provides for sanctions and governs motions for sanctions:

> (1) *In General*. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.
> (2) *Motion for Sanctions*. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, **but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets**. If warranted,

>> the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(emphasis added). Accordingly, the party against whom Rule 11 sanctions are sought must have had "notice and a reasonable opportunity to respond" before sanctions can be imposed. Fed. R. Civ. P. 11(c)(1). The moving party must specify the conduct warranting sanctions and serve the motion on the non-moving party, but cannot file the motion with the Court for 21 days. Fed. R. Civ. P. 11(c)(2).

The twenty-one day waiting period creates a safe harbor provision, which "gives the party and attorneys against whom sanctions are to be sought the opportunity to withdraw or correct the challenged paper without adverse consequences." Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* §1337.2, at 719 (3rd ed. 2004). If the party against whom sanctions are sought takes "corrective action" before the twenty-one day period has elapsed, "the question of sanctions becomes moot." *Id.* This "corrective action" may take the form of a formal or informal withdrawal "of some allegation or contention." *Id.* at 722 (quoting Fed. R. Civ. P. 11 advisory committee's note to the 1993 amendments).

The safe harbor provision is meant to "forestall unnecessary motion practice." *Id.* at 723. Moreover, the provision, along with Rule 11's procedural requirements, are "intended to protect[ ] litigants from sanctions whenever possible in order to mitigate Rule 11's chilling effects, formaliz[e] procedural due process considerations such as notice for the protection of the party accused of sanctionable behavior, and encourage[e] the withdrawal of papers that violate the rule without involving the district court." *In re Pratt*, 524 F.3d 580, 587 (5th Cir. 2008) (internal quotations removed).

Sanctions are intended to be "educational and rehabilitative in character" and so should be "tailored to the particular wrong." *Thomas v. Capital Sec. Services, Inc.*, 836 F.2d 866, 877.

Consequently, "the least severe sanction adequate to serve the purpose should be imposed," *Id.* at 878, and it is within the Court's discretion whether or not to grant any sanctions at all. Fed. R. Civ. P. 11(c)(1).

In the present case, plaintiff took appropriate corrective action within the twenty-one day safe harbor period, so the "question of sanctions" is moot. Wright and Miller, *supra*, at 719. Plaintiff may not have drafted a motion for voluntary dismissal; however, plaintiff did call the chambers of the undersigned to advise that it did not oppose summary judgment and to request that defendant's motion for summary judgment be granted before twenty-one days had elapsed from the time that defendant served plaintiff with the motion for sanctions. Rec. Doc. 24-3 at 20. Calling chambers was sufficient action to constitute an informal withdrawal that disposes of the need for sanctions, especially given that this Court did grant defendant's motion to dismiss in a timely manner. Wright and Miller, *supra*, at 722. Since the safe harbor provision "preclude[s] the imposition of Rule 11 sanctions," it is unnecessary to "address whether the factual contentions included in [plaintiff's] filings…were based on an inquiry reasonable under the circumstance." *Elliott v. Tilon*, 63 F. 3d 213, 216 (5th Cir.1995) (internal quotations removed). Accordingly,

IT IS ORDERED that the motion for sanctions filed by the defendants is DENIED.

New Orleans, Louisiana this 4th day of June, 2014

HELEN G BERRIGAN
UNITED STATES DISTRICT JUDGE

6